18-3310-cv
Industrial Water Solutions, LLC v. Ravyn & Robyn Construction LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand twenty.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              RICHARD J. SULLIVAN,
                    *Circuit Judges*.

_____

INDUSTRIAL WATER SOLUTIONS, LLC,

                    *Third-Party-Defendant-Appellee*,

            v.                                                      18-3310-cv

RAVYN & ROBYN CONSTRUCTION, LLC,
d/b/a TOTALINE INC., CHRISTINE SINA,

                    *Third-Party-Plaintiffs-Appellants*.[1]

_____

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellants:     William C. Matsikoudis, Matsikoudis & Fanciullo, LLC (Derek S. Fanciullo, *on the brief*), New York, N.Y.

Appearing for Appellee:     Patrick McCormick, Campolo Middleton & McCormick, LLP, Ronkonkoma, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Totaline, Inc. and Ravyn & Robyn Construction, LLC (together, "Appellants") appeal from the September 28, 2018 judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) adopting the July 27, 2018 report and recommendation of the magistrate judge (Shields, *M.J.*) and granting the motion to dismiss brought by Industrial Water Solutions, LLC ("IWS"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As it is undisputed that there is no express contractual right to indemnification between the parties, Appellants argue they adequately pleaded an implied right of indemnification. "Implied indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other." *Mas v. Two Bridges Assocs.*, 75 N.Y.2d 680, 690 (1990) (citations omitted). "[A]n implied right to indemnification may be based on the special nature of a contractual relationship between parties." *Peoples' Democratic Republic of Yemen v. Goodpasture, Inc.,* 782 F.2d 346, 351 (2d Cir. 1986). "This has been called an 'implied contract theory' of indemnity, or an 'implied in fact' indemnity." *Id.* (citations omitted)*; see also Mathis v. United Homes, LLC*, 607 F. Supp. 2d 411, 434 (E.D.N.Y. 2009) ("[I]mplied indemnification is only available if an agreement to indemnify can be implied between the parties, due to some special relationship that exists between them or some obligation imposed by law." (citations omitted)).

No such contractual relationship exists here. The parties are not in any sort of contractual privity, or linked in a contractor-subcontractor relationship. Instead, Appellants argue, the parties they were in contractual privity with were alter egos of IWS, such that IWS is liable for indemnifying Appellants. Even assuming Appellants adequately preserved this argument, the third-party complaint fails to adequately plead an alter ego or veil piercing theory. In order to pierce the corporate veil under New York law, a plaintiff must establish that "(1) [the owner] ha[s] exercised such control that the [corporation] has become a mere instrumentality of the [owner], which is the real actor; (2) such control has been used to commit fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to plaintiff." *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc*., 933 F.2d 131, 138 (2d Cir. 1991) (internal quotation marks and citation omitted). Here, the third-party complaint sets out only generalized and conclusory allegations regarding common ownership, employees, management, control, and decision making between IWS and PATE ETV Operating Inc. Indeed, Totaline concedes that the

third-party complaint "did not specifically seek to pierce PATE Operating's corporate veil." Appellants' Reply Br. at 9.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk